

STERLINGTON, PLLC

May 4, 2021

**By ECF and Email**

The Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
Email: ALCarterNYSDChambers@nysd.uscourts.gov

      Re:    <u>*Total Asset Recovery Services LLC et al. v. Huddleston Capital Partners VIII LLC et al.* (Case No. 1:21-cv-02466)</u>

Dear Judge Carter:

    We are counsel to Huddleston Capital Partners VIII LLC ("Huddleston") in the above-captioned matter. Pursuant to Rule 2.A of Your Honor's Individual Practices, we request a pre-motion conference prior to filing a motion to dismiss Plaintiff Total Asset Recovery Services LLC ("TARS") based on lack of (i) Article III standing and (ii) corporate authorization to file the Complaint.

    <u>Background for Motion to Dismiss</u>

    Plaintiff TARS is a limited liability company organized under the laws of Michigan which was formed to pursue *qui tam* litigation based on information developed by Defendant Kenneth Elder and his company, Defendant G3 Analytics LLC ("G3"). In 2014, TARS and G3 (together, the "Borrowers") took out a secured loan (the "TARS Loan") to finance the continued prosecution of a *qui tam* action pending in the Supreme Court of the State of New York (the "*Qui Tam* Action").[1] The loan documents granted the lender, Hamilton Capital VIII LLC (the "Lender"), a pledge of the TARS members' equity interests in TARS with a self-effectuating power of attorney upon an event of default.[2] Dkt. No. 1-1, Ex. A, Loan Agmt. § 6.4; Exhibit 1 § 9(a). Each of the Plaintiffs – Scott Knott, Gregory Lynam, Thomas Prescott, Steven Lynam, and RZE Holdings LLC (together, the "Initial Member Plaintiffs") – were members of TARS at the time of the TARS Loan and are signatories to, pledgors, and guarantors of the Loan Agreement. *See* Dkt. No. 1-1, Ex. A, Loan Agmt., Guarantee Agmt.; Exhibit 1, Pledge Agmt. Two of the Initial Members, Scott Knott and Gregory Lynam, were and are partners at The Ferraro Law Firm, P.A. (the "Ferraro Firm") which is counsel for Plaintiffs in this action as well

---

[1] The *Qui Tam* Action is *Total Asset Recovery Services, LLC on behalf of the State of New York v. Metlife, Inc., et al.*, Index No. 115336/2010 (N.Y. Sup. Ct.).

[2] The Nonrecourse Loan and Security Agreement ("Loan Agreement") and certain other loan documents are attached as Exhibit A to the Complaint. Exhibit 1 to this letter is a true and correct copy of one of the Pledge Agreements which were cited to in the Complaint but not among the attached exhibits. Exhibit A and Exhibit 1 are collectively referred to as the "Loan Documents."

Hon. Andrew L. Carter, Jr.  Page 2 of 4
May 4, 2021

as former counsel for G3's sole owner Defendant Kenneth Elder and, until recently, counsel of record for TARS in the *Qui Tam* Action.

Huddleston acquired all of the Lender's rights and obligations under the TARS Loan through an arms-length sale executed on December 14, 2020 in a federal receivership proceeding. Once Huddleston determined that Events of Default under the Loan Agreement had occurred, Huddleston, as successor-in-interest to the Lender, exercised the Lender's contractual rights including the right to assume management of TARS as its attorney-in-fact. Huddleston informed the Borrowers and the Initial Member Plaintiffs of these actions by letter on February 10, 2021 (the "Notice"), sending a copy of the Notice to the Ferraro Firm that same day directing it to provide a status update on the *Qui Tam* Action and cease work until further instruction. Dkt. No. 1-2, Ex. B.

After the Ferraro Firm failed to respond to this and subsequent communications, Huddleston, as attorney-in-fact for TARS, terminated the Ferraro Firm on March 4, 2021. The next day, the Ferraro Firm filed a Third Amended Complaint (the "TAC") in the *Qui Tam* Action purportedly on behalf of TARS. *Qui Tam* Action, Doc. No. 174. To remove the Ferraro Firm as counsel of record and withdraw the unauthorized TAC, Huddleston, as attorney-in-fact for TARS, filed a motion in the *Qui Tam* Action (the "Motion to Substitute"). *Qui Tam* Action, Doc. No. 178. The Ferraro Firm's opposition to the Motion to Substitute was filed concomitantly with the instant action in addition to a lawsuit filed by TARS and the Ferraro Firm against Huddleston and others in the Southern District of Florida.[3] *Qui Tam* Action, Doc. Nos. 187–192.

The Complaint in this action seeks a declaration, *inter alia*, that Huddleston has no enforceable rights under the Loan Documents and that no Events of Default have occurred in addition to requesting a preliminary injunction restraining Huddleston from acting as attorney-in-fact for TARS and G3 and foreclosing on the TARS Loan. Although both the Initial Members and TARS are identified as plaintiffs, Plaintiff TARS lacks both standing and authorization to file a complaint on behalf of itself and should be dismissed with prejudice from this action.

<u>TARS Lacks Article III Standing to Bring this Complaint and Seek a Declaratory Judgment</u>

"Standing under Article III of the United States Constitution is a threshold issue[.]" *Picard v. HSBC Bank PLC*, 454 B.R. 25, 29 (S.D.N.Y. 2011) (internal citation and quotes omitted). To satisfy this prerequisite, a plaintiff must show that (1) he has suffered an actual or imminent injury in fact, which is concrete and particularized; (2) there is a causal connection between the injury and the defendant's actions; and (3) it is likely that a favorable decision in the case will redress the injury. *Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 286 (S.D.N.Y. 2017). The claim of threatened injury must be of "direct and immediate impact." *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 407 (S.D.N.Y. 2002).

---

[3] The Southern District of Florida action is *The Ferraro Law Firm, P.A., et al. v. Huddleston Capital Partners VIII LLC, et. al.*, 1:21-cv-21093-DPG.

Hon. Andrew L. Carter, Jr.  Page 3 of 4
May 4, 2021

The Complaint's declaratory judgment cause of action does not allege that TARS has been harmed, only that the Initial Member Plaintiffs may be harmed. *See generally* Dkt. No. 1, Compl. ¶¶ 90–100. Injury to TARS is likewise missing from the preliminary injunction cause of action which instead focuses on the termination of the Ferraro Firm's "existing attorney-client relationship" with TARS and the firm's work in the *Qui Tam* Action. *See generally id.* ¶¶ 101–06. The Complaint does not allege any imminent events in the *Qui Tam* Action that would be materially hindered by substitution of counsel with a resultant direct and immediate impact on TARS, nor could it. Instead, the Complaint conflates a potential negative effect on the Ferraro Firm's economic interest with injury to TARS. While this may impact Plaintiffs Gregory Lynam and Scott Knott, who are partners with the Ferraro Firm, there is no injury to TARS as an entity.

Related to TARS' lack of standing is the absence of adverse legal interests between TARS and Huddleston as required for a declaratory judgment action. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (identifying inquiry as whether the alleged facts show a substantial controversy "<u>between parties having adverse legal interests</u>, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment") (emphasis added). As attorney-in-fact, Huddleston is essentially the alter ego of TARS. *See Heine v. Colton, Hartnick, Yamin & Sheresky*, 786 F. Supp. 360, 374 (S.D.N.Y. 1992). Yet the Complaint conflates the interests of TARS' Initial Member Plaintiffs and their counsel with those of TARS. *See Incredible Invs. Ltd. v. Parlato*, 2010 WL 11546025, at *7 (W.D.N.Y. July 15, 2010) (observing that a limited liability company "is a separate legal entity with rights and obligations distinct from those of its members; the Court cannot presume its interests are not also distinct from those of its members"). Because the Complaint does not and cannot plead adverse legal interests between TARS and its attorney-in-fact Huddleston, TARS must be dismissed as a plaintiff.

<u>TARS Was Not Authorized to Bring This Complaint Because the Initial Members Lack Corporate Authority</u>

Huddleston, as successor-in-interest to the Lender, exercised its rights under the Loan Documents by notifying the Borrowers and Initial Member Plaintiffs of nine Events of Default under the Loan Agreement. Dkt. No. 1-2, Ex. B at 3–4. The Lender's exercise of its powers of attorney is a *fait accompli* upon declaration of an Event of Default, even if disputed by the Initial Member Plaintiffs. *See, e.g., Oracle Real Estate Holdings I LLC v. Adrian Holdings Co. I, LLC*, 582 F. Supp. 2d 616, 626 (S.D.N.Y. 2008) (discussing similar provision). Utilizing its authority as power of attorney, Huddleston amended the TARS operating agreement to terminate the Initial Member Plaintiffs' management rights and vest them in Huddleston as Lender. Dkt. No. 1-2, Ex. B at 5–8. Thus, as of the February 10, 2021 Notice, the Initial Member Plaintiffs had no corporate authority to act for TARS, including by the filing of the Complaint in this action. *See, e.g., In re D&W Ltd., LLC*, 467 B.R. 427 (Bankr. E.D. Mich. 2012) (dismissing bankruptcy petition filed without corporate authority by former principal member of the debtor). As such, Plaintiff TARS must be dismissed from this action with prejudice.

Hon. Andrew L. Carter, Jr.  Page 4 of 4
May 4, 2021

<u>Conclusion</u>

Huddleston is available at the convenience of the Court for a conference concerning this request to file a motion to dismiss Plaintiff TARS. We appreciate Your Honor's attention to this matter.

                                               Respectfully submitted,

                                               <u>/s/ Mari K. Bonthuis</u>

                                               Mari K. Bonthuis
                                               STERLINGTON, PLLC
                                               *Attorney for Huddleston Capital*
                                               *Partners VIII LLC*

cc:    James L. Ferraro, Esq., The Ferraro Law Firm, P.A.
          Dick M. Ortega, Esq., The Ferraro Law Firm, P.A.
          Natalia Salas, Esq., The Ferraro Law Firm, P.A.
          Mathew Gutierrez, Esq., The Ferraro Law Firm, P.A.
          Lee A. Pollock, Esq., Pollock & Maguire, LLC