# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| TOTAL ASSET RECOVERY SERVICES, LLC on behalf of the State of New York,<br><br>    Plaintiff/Relator,<br><br>- against -<br><br>METLIFE, INC., et al.,<br><br>    Defendants. | Index No. 115336/2010<br><br>Motion No. 011<br><br>IAS Part 48 – Commercial Division<br><br>Justice Andrea Masley |

**PLAINTIFF/RELATOR'S MEMORANDUM OF LAW IN RESPONSE TO MOTION FOR LEAVE TO FILE AFFIDAVIT OF GREGORY LYNAM IN FURTHER OPPOSITION TO MOTION TO SUBSTITUTE**

Plaintiff/Relator Total Asset Recovery Services LLC ("TARS") submits this memorandum of law in response to the Motion for Leave to File Affidavit of Gregory Lynam in Further Opposition to Motion to Substitute (the "Motion for Leave"), Doc. No. 214.[1]

Plaintiff/Relator does not oppose the filing of the Affidavit of Gregory Lynam in Opposition to Motion to Substitute (the "Revised Lynam Affidavit"), Doc. No. 213, to the extent that it resolves the procedural errors under CPLR 2106(a) of the previous Lynam Affirmation, Doc. No. 190. However, the Revised Lynam Affidavit does not cure the substantive defects of its predecessor, as it is likewise laden with generalized statements and proffers legal conclusions. *Wyler v. U.S.*, 725 F.2d 156, 160 (2d Cir. 1983); *Lewis v. Safety Disposal Sys. of Pa., Inc.*, 786

---

[1] All capitalized terms not otherwise defined have the same meaning as in Plaintiff/Relator's Motion to Substitute Plaintiff/Relator's Counsel, Transfer Files, and Withdraw Unauthorized Filings (the "Motion to Substitute"), Doc. No. 178, and its related papers.

N.Y.S.2d 146, 148 (1st Dep't 2004); *see also* Doc. No. 207, Reply Memorandum of Law in Further Support of Plaintiff/Relator's Motion to Substitute Plaintiff/Relator's Counsel, Transfer Files, and Withdraw Unauthorized Filings ("Reply Memorandum") at 10-11. For example, the Revised Lynam Affidavit asserts that Nolan Cooper, the individual who signed the Assignment for Huddleston, did so to "fraudulently conceal" Huddleston's ownership and accuses Sterlington of concealing Mr. Cooper's identity. Doc. No. 213 ¶¶ 21–22. Given the pugilistic approach to litigation taken by the Ferraro Firm, Huddleston's protection of Mr. Cooper's privacy is understandable. In the five weeks since the Ferraro Firm was terminated by Huddleston, the Ferraro Firm has filed a declaratory judgment action against Huddleston in the United States District Court for the Southern District of New York (the "S.D.N.Y. Action") and an action asserting that Huddleston engaged in tortious interference with a contractual business relationship in the United States District Court for the Southern District of Florida (the "S.D. Fla. Action"). *See* Doc. No. 188, Ferraro Aff. Ex. 1, S.D.N.Y. Action Complaint; Doc. No. 189, Ferraro Aff. Ex. 2, S.D. Fla. Action Complaint; *see also* Bonthuis Affirmation in Response to Motion for Leave to File Affidavit of Gregory Lynam in Further Opposition to Motion to Substitute ("Bonthuis Aff.") ¶ 4. Most recently, within minutes of filing the Motion for Leave, the Ferraro Firm sent a letter to Mari K. Bonthuis, counsel for Plaintiff/Relator and Huddleston, threatening to sue Ms. Bonthuis, her colleague, and her law firm for their involvement in the purported "tortious interference" alleged in the S.D. Fla. Action. *See* Bonthuis Aff. ¶ 5 & Ex. 1.

As for the additional information offered concerning one of the multiple Events of Default identified in the February 10, 2021 Notice, Plaintiff/Relator reiterates that, at this stage and in this litigation, evidence concerning any Event of Default is irrelevant. *See* Doc. No. 207, Reply Mem. at 7–9. Under the Loan Documents, an Event of Default automatically instills Huddleston, as the

2

successor by assignment to the Lender, with the power to act for Plaintiff/Relator. Unless and until a court finds that no Events of Default occurred, Huddleston is attorney-in-fact for TARS, a fact that the former members of TARS have effectively acknowledged by filing the S.D.N.Y. Action and seeking a declaration concerning Huddleston's rights under the Loan Documents. *See* Doc. No. 188, Ferraro Aff. Ex. 1, S.D.N.Y. Action Complaint ¶¶ 98–99 & Prayer for Relief. Any evidence concerning an Event of Default is best submitted there.

In sum, while Plaintiff/Relator agrees that the Revised Lynam Affidavit is procedurally proper, it is also immaterial. For the reasons set forth in Plaintiff/Relator's Motion to Substitute and its related papers and the Reply Memorandum and its related papers (*see* Doc. Nos. 178–185; 194–207), the Court should grant the Motion to Substitute.

Dated: April 12, 2021
New York, New York

          Respectfully submitted,
          STERLINGTON, PLLC

          By:  /s/ Mari K. Bonthuis
                Mari K. Bonthuis

          Mari K. Bonthuis
          Erika H. Burk
          228 Park Avenue S #97956
          New York, New York 10003
          Tel: (212) 433-2879
          Fax: (212) 896-9985
          MKB@sterlington.net
          EHB@sterlington.net

          *Attorneys for Plaintiff/Relator Total Asset Recovery Services, LLC*