USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: ____________________
DATE FILED: 7/28/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**TOTAL ASSET RECOVERY SERVICES LLC ET AL.,**

**Plaintiffs,**

**-against-**

**HUDDLESTON CAPITAL PARTNERS VIII LLC ET AL.,**

**Defendants.**

---

**1:21-cv-2466 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On May 19, 2021, this Court denied Defendants' pre-motion conference request in connection with their intended first motion(s) to dismiss and granted Defendants leave to file motion(s) to dismiss and set a briefing schedule. ECF No. 26. This Court also granted Defendant Huddleston Capital Partners VIII LLC ("Huddleston") leave to file its Answer and Counterclaims against the "Initial Member Plaintiffs" and approved its proposed timeline for doing so. ECF No. 35. On June 7, 2021, this Court denied Defendants Kenneth Elder ("Elder") and G3 Analytics LLC's ("G3") request for a pre-motion conference and granted leave to include additional grounds in their anticipated motion to dismiss. ECF No. 37. That order also directed all parties to comply with the briefing schedule previously set forth by the Court on May 19, 2021. *Id.* (referencing ECF No. 26). In accordance with that briefing schedule, on June 10, 2021, Defendants Elder and G3, as well as Defendant Huddleston, filed timely motions to dismiss. ECF Nos. 39, 40-42. Huddleston also filed its timely Answer and Counterclaims as to the "Initial Member Plaintiffs" on the same day. ECF No. 43. The Parties then filed letters addressing the existing briefing deadlines after Plaintiffs did not file their opposition papers to the motions to dismiss by the June 24, 2021 deadline set forth in the briefing schedule. ECF Nos. 44-46. On July, 1, 2021, Plaintiffs timely

the First Amended Complaint.[1] ECF No. 47. In several pre-motion letters seeking conferences and/or leave to file new motions to dismiss the First Amended Complaint, the parties raise a number of issues for the Court to consider: (1) the status of Defendants' first motions to dismiss, (2) whether Plaintiffs' filing of the First Amended Complaint was proper, (3) whether Plaintiffs may stay their answer or response to Huddleston Capital's counterclaims pending resolution of the second motion(s) to dismiss, and (4) Defendants' pre-motion conference requests to file a motion to disqualify.

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party "may amend . . . once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), (f), whichever is earlier." My Individual Rules of Practice 2(D)(i) state that "[d]uring a pre-motion conference . . . the non-moving party must advise the Court and its adversary whether it intends to file an amended pleading." This rule applies only *during* a pre-motion conference, and this Court did not hold a pre-motion conference on Defendants' intended first motions to dismiss. (The request for a pre-motion conference was denied on the papers.) Though Plaintiffs encountered filing errors noted on the docket, Plaintiffs did file the First Amended Complaint by July 1, 2021, ECF No. 47, 51, within 21 days of the filing of Defendants' first motions to dismiss, and corrected the errors by July 2, 2021. ECF No. 52.

Accordingly, the Court concludes that Plaintiffs properly exercised their right to amend as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Court, therefore, **DENIES** without prejudice Defendants' pending first motions to dismiss as moot and

---

1 The Court finds that Plaintiffs timely filed the First Amended Complaint on July 1, 2021, despite filing errors, which were cured on July 2, 2021.

thus the current briefing schedule is cancelled. As for Huddleston Capital's pending Answer and Counterclaims, Huddleston may replead their Answer and Counterclaims, if they so wish, based on the First Amended Complaint. And, finally, Defendants' requests for a pre-motion conference in connection with their intended motion(s) to disqualify are hereby **DENIED**. However, the request for leave to file a motion to disqualify is hereby **GRANTED**. The Clerk of Court is directed to terminate the pending motions at ECF No. 39 and 40, and the pending letter motions at ECF No. 60 and 61. The Parties are directed to confer and propose a new briefing schedule for Defendants' second motion(s) to dismiss the First Amended Complaint and motion(s) to disqualify no later than **August 2, 2021**. The proposed briefing schedule should also include a deadline for Huddleston, if they so wish, to replead their Answer and Counterclaims as to the "Initial Member Plaintiffs" and for Plaintiffs to answer or respond.

**SO ORDERED.**

**Dated:** July 28, 2021

**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**